DUKE POWER COMPANY v. J. W. FLINCHEM, MINNIE FLINCHEM, JOHN
FLINCHEM, HELEN FLINCHEM

No. 8123SC1363

(Filed 2 November 1982)

**Appeal and Error § 41.1— failure to follow Rules of Appellate Procedure — appeal
dismissed**

Appeal is dismissed for failure of appellants to comply with the Rules of
Appellate Procedure where items constituting the record on appeal were not
arranged in the order in which they occurred or were filed in the trial division
in violation of App. R. 9(b)(4); the evidence was not narrated as required by
App. R. 9(c)(1); appellants failed properly to identify and set out their
assignments of error in violation of App. R. 10(c); appellants have included in
the record on appeal hundreds of exceptions which were not properly pre-
served for review at trial in violation of App. R. 10(b); and appellants' brief, in
form and content, was in repeated violation of the requirements of App. R. 28.

APPEAL by respondents from *Long, Judge.* Judgment entered
11 May 1981 in WILKES County Superior Court. Heard in the
Court of Appeals 23 September 1982.

Petitioner Duke Power Company (Duke) initiated proceedings
to acquire a right-of-way over respondents' land for electric
transmission lines. Proceedings before the Clerk of Superior
Court resulted in an order of the Clerk, finding that Duke has the
right to acquire the right-of-way by power of eminent domain;
that Duke could not obtain its needed right-of-way by contract or
agreement; and that the right-of-way sought by Duke was
necessary for the operation of Duke's system. The Clerk ordered
that Duke was empowered to condemn respondents' land and ap-
pointed commissioners to determine the compensation due
respondents for the easement sought by Duke. The Commis-
sioners assessed respondents' damages. The Clerk affirmed the
Commissioners' report. On appeal, the matter was tried before
Judge Long and a jury. From judgment entered on the jury's ver-
dict, respondents have appealed.

*McElwee, McElwee, Cannon & Warden by William H.
McElwee, III and William C. Warden, Jr., for appellee.*

*J. W. Flinchem, Minnie Flinchem, John Flinchem, and Helen
Flinchem, pro se.*

WELLS, Judge.

Respondents' appeal violates a number of the Rules of Appellate Procedure. First, in violation of Rule 9(b)(4), the items constituting the record on appeal are not arranged in the order in which they occurred or were filed in the trial division, but are scattered in random fashion throughout the record. Second, there has been no attempt whatsoever to narrate the evidence as required by Rule 9(c)(1). Instead, respondents have simply included in the record the total record of evidence, consisting of the testimony of nineteen witnesses and comprising approximately 180 pages of the record on appeal, in question and answer form. Third, in violation of Rule 10(c), respondents have failed to properly identify and set out their assignments of error. Fourth, in violation of Rule 10(b), respondents have included in the record on appeal hundreds of exceptions which were not properly preserved for our review by action of counsel taken during the course of the trial. Finally, respondents' brief, in form and content, is in repeated violation of the requirements of Rule 28. In short, the manner in which the appeal has been filed does not allow effective appellate review.

Rules of Appellate Procedure are mandatory and failure to observe them is grounds for dismissal of the appeal. *See Britt v. Allen*, 291 N.C. 630, 231 S.E. 2d 607 (1977).

For the reasons stated, the appeal in this case must be and is

Dismissed.

Judges VAUGHN and WEBB concur.